### Frank McBride v. The State.

No. 2894.    Decided May 3, 1905.

**Forgery—Indictment—Innuendo Averments.**

Where from the face of the alleged forged instrument the meaning of certain words was not manifest, and there were no innuendo averments in the indictment as to what was the meaning or intention of such words, the indictment is defective.

Appeal from the District Court of Williamson.    Tried below before Hon. V. L. Brooks.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. N. Graves,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant's punishment was fixed at two years confinement in the penitentiary upon conviction under indictment charging substantially, as follows:    *    *    *    "That Frank McBride, in said county and State, on or about the 8th day of March, in the year of our Lord, nineteen hundred and four, and before the presentment of this indictment, did then and there unlawfully and without lawful authority and with intent to injure and defraud did wilfully, and fraudulently make a certain false and forged instrument in writing, purporting to be the act of another to wit: purporting to be the act of Pat McCarty, which said false and forged instrument in writing is substantially to the tenor as follows:

THE MERCHANTS & FARMERS BANK          No. 124

P  C       Responsibility $150,000.
A  O
T  N
M  T                          Georgetown, Texas.      377      1904
C  R
C  A    Pay to Charlie Brossemt      breer                $10.30
A  C
R  T        Jev rale·              30–100          100 Dollars
T  O
Y  R                                           Pat McCarty."

(margin reads: PAT McCARTY — CONTRACTOR)

Appellant contends there should have been innuendo averments in the indictment explaining the terms "breer," to be intended for "bearer," and "Jev rale" to be "Ten and" 30–100 Dollars.  In our opinion, the contention of appellant is well taken, for it is not manifest from the face of the instrument that this was the intention, unless innuendo averments are placed in the indictment to that effect.

Because of this defect in the indictment, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

[Motion for rehearing overruled without written opinion.—Reporter.]