[Crim. No. 955. Second Appellate District, Division One.—April 6, 1923.]

THE PEOPLE, Respondent, v. JOHN C. BROWN, etc., Appellant.

[1] CRIMINAL LAW — PASSING OF FICTITIOUS CHECK — NAME OF DRAWER—INFORMATION—EVIDENCE—IMMATERIAL VARIANCE.—Where an information charging the passing of a fictitious check described the check as purporting upon its face to be signed by a

---

1. Use of fictitious or assumed name as forgery, notes, 18 Ann. Cas. 482; 9 A. L. R. 407; 8 L. R. A. (N. S.) 1175.

certain person named "J. Burke," and the check introduced in evidence showed the name of "J. Burke & Co." signed thereto, the failure to amend the information to conform to the evidence did not constitute a material variance, where it was also shown by an officer of the bank that there was no account in either the name of the company or of the individual.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. C. Trott for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CURTIS, J.—In this action the defendant was convicted, under section 476 of the Penal Code, of making, uttering, publishing, and passing a fictitious check. The information contained two counts. In count one the defendant was accused, under section 470 of the Penal Code, of the crime of forgery. And in count two, under section 476, of the crime of making, etc., a fictitious check. The check, as set out in full in each count of the information, purported to be signed by "J. Burke and Co." In the body of the information, however, and in each count thereof the check was described and referred to as a check "purporting upon its face to be signed by a certain person and individual named J. Burke." The check, when introduced in evidence, had the name of "J. Burke and Co." signed thereto. After the close of the testimony of the people the district attorney asked leave to amend the information so that the same should read "J. Burke and Co." instead of "J. Burke." Count one of the information was amended by substituting the words "J. Burke & Co." for the words "J. Burke." No amendment, however, was made to count two of the information. The defendant was convicted under count two, and thereafter, upon motion of the district attorney, count one of the information was dismissed.

[1] The first point made by appellant on his appeal is that there is a material variance between the allegations of the information and the evidence introduced in support thereof, in that, while there was testimony to the effect that

there was no such person or association of persons as "J. Burke & Co.," there was no evidence that there was no such person as "J. Burke" in existence. It is true, as we gather from the record before us, the case was tried upon the theory that the fictitious check purported to be the check of "J. Burke & Co.," and not that of "J. Burke." By an apparent oversight, however, of both court and counsel count two of the information was not amended. The trial of the case proceeded upon the theory that it had been. The evidence of the officer of the bank was that he had searched the records of the bank upon which the check had been drawn and found no such account as "J. Burke & Co."

Appellant, however, insists that, as count two was never amended, the proof in the action must conform thereto, and that the prosecution must show that there was no such person as J. Burke in existence. We would question very much the correctness of this contention, in view of the proceedings had in this case. However, we are of the opinion that even under appellant's contention the evidence in the case is sufficient.

The officer of the bank not only testified that he had searched the records of the bank upon which the check had been drawn, and found no such account as "J. Burke & Co."; he went further and testified in substance that he found no account in the name of "J. Burke," and that if there was any such account he did not see it. He also testified that the records of the bank searched by him were those of the main bank, and that the check in evidence was drawn upon the main bank.

We think this testimony was sufficient to show that there was no account in the bank in the name of "J. Burke." Such testimony is *prima facie* evidence of the fictitious character of the check. (*People* v. *Eppinger,* 105 Cal. 36 [38 Pac. 538].)

The point, therefore, made by appellant that there is a variance between the allegations of count two of the information and the proof is not, in our opinion, well taken.

The appellant further assigns as error the ruling of the court requiring the defendant to answer on cross-examination certain questions over the objection of his counsel, and also the giving by the court of an instruction on behalf of the prosecution, and the refusal of the court to give an

instruction offered by the defendant. We find nothing in the admission of this testimony, nor in the action of the court in giving plaintiff's instruction, nor in refusing to give that offered by the defendant, that in any way prejudiced defendant's legal rights. The most objectionable of the questions asked of defendant on cross-examination, and the one upon which appellant appears to place the most reliance for a reversal of the case, seems never to have been objected to by defendant, and the others were not of such a character as would render them objectionable upon the ground that they required the defendant to be a witness against himself.

As to the rulings of the court upon the instructions we find that defendant's instruction No. 2, which was refused by the court, is fully covered by defendant's instruction No. 1. And we are further of the opinion that the jury could not have drawn any inference, unfavorable to the defendant, from that portion of the court's general instruction objected to by the appellant when read in connection with the whole of this instruction.

The judgment appealed from is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 4, 1923.