## JOHN ROBINSON V. THE STATE.

No. 23174. Delivered June 27, 1945.

The opinion states the case.

*C. O. McMillan,* of Stephenville, for appellant.

*Sam Cleveland,* District Attorney, of Stephenville, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a case of passing a forged check; the punishment, two years in the penitentiary.

The check was described in the indictment, as follows:

"Stephenville, Texas, Oct. 1     1944         No.

THE STEPHENVILLE STATE BANK   -   88-357

Pay to John Hill  or order   $30 $\frac{00}{100}$—

30 and 00/100   100 Dollars

John C. Boucher"

It is insisted that such check is susceptible of the construction that the two sums of money set forth therein were in conflict, i. e., "30 and 00/100" and "100 Dollars", and that innuendo averments were necessary to explain which sum was intended. A motion to quash the indictment because of the absence of such innuendo averments were overruled.

If the check called for two different sums, it was uncertain and innuendo averments were necessary. Lamb v. State, 67 Tex. Cr. R. 474, 148 S. W. 1088.

So the question before us is whether the check as described in the indictment is certain and definite as to the sum payable. If not, appellant's contention is well taken.

We are constrained to agree with the appellant's contention that the check, as set forth in the indictment, was such as to call for innuendo averments to make intelligible the amount stated therein. See McBride v. State, 48 Tex. Cr. R. 213, 88 S. W. 237.

The State insists that the check, itself, will sustain the construction that the check was for $30 and 00/100, only. The evidence may not be looked to to supply defects in an indictment.

The judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.