[Crim. No. 2183.   Third Dist.   June 17, 1950.]

THE PEOPLE, Respondent, v. JOHN R. FELT, Appellant.

F. M. Brack and A. M. Frad for Appellant.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, J.—Appellant was charged with the crime of forgery. He was tried by a jury and convicted. He appeals from the judgment and order denying his motion for a new trial.

Prior to the introduction in evidence of an extrajudicial statement made by appellant to an officer, the following had been shown. Under date of June 11, 1949, a check had been written, drawn on the Bank of America, Modesto Branch, directing payment of $56 "for Labor" to J. R. Felt. The signature read "L. D. Jondrsdon." On the same day appellant and another man traveled by cab from Modesto to Riverbank. While the driver and the other waited in the cab appellant entered the store of one Rabbiosa and attempted to cash the check. Rabbiosa suspected the validity of the document and called the bank. He was told there was no account in the name of the drawer, whereupon appellant suggested there might be a mistake in spelling the name. Rabbiosa asked the bank to check several different spellings but no account was reported under any of them. The check then bore the endorsement "J. R. Felt." Appellant told Rabbiosa he was John Felt and he wanted the money in order to pay a sum he owed to one of Rabbiosa's employees. Appellant returned to the cab and told the driver to drive them to a grocery store in Modesto. There both appellant and his companion went into the store. They returned to the cab and were driven to a second store. There the companion went into the store and cashed the check, bought groceries to the amount of $3.80, and returned to the cab. He handed $12 to appellant, who then paid the cab fare. When the check was cashed it bore the additional endorsement, "L. D. Johnson." On presentation to the bank the check was dishonored. The name of the drawer did not appear in the county register of voters nor in a published directory of Stanislaus County. The records of the bank for three years back disclosed no account in that name.

When this proof had been given, an extrajudicial statement of appellant was admitted over his objection that the corpus delicti had not been proved. Appellant told the officer that he had endorsed the check; that it had been written in his presence by a man he did not know; that he and the writer had taken the check to Rabbiosa's store where he attempted to cash it; that after calling the bank the storekeeper told him there were no funds in bank under the drawer's name; that the two men then returned to Modesto and he told his companion the market where the check was cashed would probably cash it; that his companion went in and cashed it; that appellant received $26 of the amount derived. Appellant did not testify.

Appellant first contends that the evidence did not

sufficiently establish the corpus delicti so as to make admissible the statement he made. In his argument in support of this contention appellant says that since he neither, so far as the evidence showed, drew the check nor cashed it, he could only be convicted as an abettor, and therefore proof of the corpus delicti as to him must have included some proof of his having abetted the commission of the crime. This contention cannot be sustained. Proof of the corpus delicti, in the prosecution of an abettor, need not include proof of guilty participation. *People* v. *Cowling*, 6 Cal.App.2d 466, 471 [44 P.2d 441]. Therein the court said: ". . . the *corpus delicti* was conclusively proved by two witnesses to the actual robbery, before the statements of the defendants were offered in evidence. Nothing then remained to show their guilt of the crime of robbery except to prove that they aided and assisted in the commission of the offense, although they were not actually present when the store was robbed. . . . The mere connection of the accused persons with the commission of the offense with which they are charged is not an essential part of the *corpus delicti*. Proof of the *corpus delicti* does not necessarily include the fact that the accused persons participated in the commission of the crime. (*People* v. *Ward*, 134 Cal. 301, 306 [66 P. 372].) It is usually sufficient for the purpose of establishing the *corpus delicti* to prove that the crime charged in the information was actually committed by means of some criminal agency." Reverting to the state of the evidence, when the statement was admitted it had been shown that the check had been uttered and passed as genuine when there was no account in the drawee bank in the name of the drawer and that no such name was to be found in the register of voters and a local directory. That was enough to justify admission of appellant's statement.

Appellant next contends that the evidence as a whole was not sufficient to support the verdict. Specifically, appellant says there was no proof that he aided and abetted the commission of the crime. This contention likewise cannot be sustained. Appellant himself attempted to cash the check and then learned, if he did not know it before, that it was spurious. After receiving this information appellant continued his travels with his companion, gave the check to him and suggested the very market where the check was successfully passed as a good place to try. Appellant accepted part of the proceeds. There was other evidence from which the inference

of guilty participation could fairly be drawn. We hold the proof sufficient.

Appellant complains of the refusal of the court to give certain instructions he requested and of certain modifications by the court of other instructions requested, which, as modified, the court did give. We have carefully considered these claims of error and the whole charge as given, and find no error. We think it unnecessary to discuss these contentions of appellant more specifically. We find the jury to have been fully and fairly instructed as to all essential matters.

The judgment and order denying new trial are affirmed.

Peek, J., and Adams, P. J., concurred.