[Crim. No. 8174.   Second Dist., Div. Two.   Oct. 15, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. MAX J. GUTKOWSKY, Defendant and Appellant.

Max J. Gutkowsky, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

ASHBURN, J.—This court having denied four applications for appointment of counsel, notice having been given under California Rules of Court, rule 17 (a) † and no opening brief having been filed by or on behalf of the appellant, we have submitted the appeal upon the merits.

Charged in three counts with forgery of fictitious name (Pen. Code, § 470), defendant, who was represented at the trial by counsel of his own choice, waived a jury trial and was convicted of all three charges.   The court found to be true allegations of two prior convictions of felony, viz., burglary in Illinois and forgery and robbery in California, for each of which convictions he served a term in state prison.

—————

† Formerly Rules on Appeal, rule 17 (a).

Probation was denied and sentences in the instant case were ordered to run concurrently.

The case was submitted upon the transcript of the preliminary hearing with the understanding that any exhibits that were received in evidence at that time be received in evidence at the superior court trial. The trial judge announced that he had read the preliminary transcript and both sides rested, whereupon the judge said: ''I don't think there is any doubt in this matter. Find the defendant guilty as charged in Counts I, II and III of the Information on file herein.'' This was on October 16, 1961.

On November 21, 1961, the time set for sentencing and hearing of probation application, defendant through his attorney, Mr. Dunham, sought a further continuance. The attorney said he did not know what ground his client had and so: ''THE COURT: What is the ground for a continuance? THE DEFENDANT: I am releasing Mr. Dunham as of now, and I have Mrs. Root and Mr. McPherson handling it, and—THE COURT: Mr. Gutkowsky, Mrs. Root has called the court this morning, and indicated she is not representing you, and does not intend to, so I see no reason for any further delay in this matter. . . . THE DEFENDANT: Well, then, I would like to have an attorney, then. THE COURT: Well, I am sorry, Mr. Gutkowsky. This matter has been going on now for some time, and I see nothing that could be gained by additional counsel or other counsel.'' Thereupon sentence was imposed. Manifestly there was no error in this ruling.

At the preliminary hearing defendant was represented by a deputy county public defender. He did not testify then or at his trial in the superior court. No legal questions of any substantiality emerge from the record, no question of admissibility of evidence or of involuntary nature of confession, no problem of weighing conflicting evidence.

It appears without conflict that defendant on Saturday, June 26, 1960, presented to Sidney Bush a check drawn on California Bank, Sixth and Western Branch, payable to defendant and purporting to be signed by John J. Gorman; it was endorsed by defendant in Bush's presence. Defendant had selected certain items of merchandise and gave the check to Bush in payment, receiving $18.05 in change. Then defendant selected additional merchandise and tendered to Bush another check for $78.98 drawn on Security-First National Bank, Sixth and Oxford Branch, payable to defendant and purporting to be signed by Frank C. Kempo; defendant

also endorsed this in Bush's presence. When Bush saw this check he told defendant there seemed to be a similarity in the signatures of John J. Gorman and Frank C. Kempo; that he should leave all merchandise and return on Monday when Bush could check with the banks and see if the checks were good and he would then deliver the merchandise. Defendant left the goods but did not return.

On June 24, 1960, defendant bought from Lilly Freistat, who ran a jewelry store, three items and gave her in payment three checks which were made payable to him. One of them is the subject of Count III of the information—a check for $86.45 dated June 24, 1960, drawn on California Bank, Sixth and Western Branch, and purporting to be signed by Fredrick C. Eberly. Defendant endorsed it. Mrs. Freistat told defendant she would keep the merchandise until she cashed the check in the morning. He said he would return at 6 p. m. and take her to the Hilton Hotel, would there cash the check, give her the cash and then pick up the merchandise. He did not return. The purported makers had no accounts at the California Bank and Frank C. Kempo had no account at Security-First National Bank.

Over a year after occurrence of the above events and a few days before the preliminary hearing defendant told Investigating Officer C. W. Rogers that the name on the back of each of the three checks (exhibits 1, 2 and 3) was his; that he got the checks from the office of J. C. Williams Company and made out the entire face of the three checks, including the names of the makers; that he made up those names; that he presented the checks to Mr. Bush and Mrs. Freistat and knew at that time they were no good. That is the whole story.

The corpus delicti having been proved by independent evidence, defendant's confession was competent to connect him with commission of the crime. (*People* v. *Cullen*, 37 Cal.2d 614, 624-625 [234 P.2d 1].)

Fox, P. J., and Herndon, J., concurred.