## NOLAN RAY PATE v. STATE

No. 34,803.    November 14, 1962

*Homer C. Ellis,* Paris, for appellant.

*Jim N. Thompson,* County Attorney, Paris, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is attempting to pass as true a forged instrument; the punishment, two years.

The indictment alleged that appellant attempted to pass the check set forth therein to Mae John Landers. She testified that appellant came into the Brookshire store where she was employed and "asked me to cash a check", that she instructed him to take it to Mr. Kinser, the manager, for his "O. K." and that he did so. Kinser testified that he observed certain irregularities in the check when appellant presented the same to him, that he called the police, and that appellant hurriedly left the store, leaving the check in his possession. Constable Dobbins testified that when he saw appellant on the day in question appellant ran, but that he apprehended him and carried him to Brookshire's store. Appellant was identified, and the fact that the check was a forgery was established. We shall discuss the contentions advanced by brief and in argument.

He first contends that the indictment is defective because it fails to explain what sum was meant by the words "forty eight fifty Dollars" as they appear on the face of the check. The motion to quash the indictment which was filed failed to complain of the absence of innuendo averments. Be this as it may, Article 5932, Sec. 17, subdiv. (1) V.A.R.C.S. (Negotiable Instruments Act), provides, in part, as follows: "* * * if the words are ambiguous or uncertain, reference may be had to the figures to fix the amount." In the check before us here, the figures appear as $48.50. This we conclude is sufficient to fix the amount of such check as

$48.50 and that there is no material variance between the indictment which alleged $48.50 and the check which read $48⁵⁰.

In Robinson v. State, 148 Texas Cr. Rep. 505, 188 S.W. 2d 578, upon which appellant relies, the check which was set forth in the indictment called for two different sums, to-wit "100 Dollars" and "$30.00", and this Court held the trial court erred in failing to sustain a motion to quash because of the absence of innuendo averments as to what sum was intended. In the indictment before us here, the words "forty eight fifty Dollars" are merely ambiguous and do not call for a different sum of money other than $48.50.

In Roberts v. State, 138 Texas Cr. Rep. 39, 133 S.W. 2d 974, also relied upon, the instrument set forth in the indictment appeared to be a promissory note, a conditional sale contract and a chattel mortgage, and this Court held that the indictment should have contained innuendo averments to explain the ambiguities therein. Such is not the case before us here because the instrument relied upon is clearly a check.

We find no merit in appellant's contention that a variance existed because the check bore such printed matter as "when written in ink this check is insured * * * " while the indictment failed to contain these printed words. In Whitlock v. State, 338 S.W. 2d 721, we said:

"As to the omission of the words 'Associate Store' from the indictment, we quote from 37 C.J.S. Forgery, sec. 68b, p. 83, as follows:

" 'So the addition of words, letters, or figures which do not affect the sense will not vitiate the indictment; nor will the omission thereof. * * * A variance in names so trifling that it is inconceivable that defendant could have been misled or prejudiced thereby is immaterial. * * * A variance as to name in an indictment has been held not fatal if it is not the name averred to be forged.'

"In Criner v. State, 229 S.W. 860, the instrument offered in evidence bore the phrase 'a satisfied customer' under the line for signature. This Court held that failure to copy such words in the indictment did not create a variance. See also Young v. State, 40 S.W. 793; Anderson v. State, 161 S.W. 88; Biering v. State, 263 S.W. 558; and People v. Brown, 61 Cal. App. 574, 215 P. 1031."

Appellant next contends that the evidence is insufficient to support the allegations in the indictment in that appellant attempted to pass the check to Mae John Landers when the proof was that he attempted to pass it to Mr. Kinser. Had the offense been the actual passing of the check, another question would have been presented, but one may *attempt* to pass a check to any number of people, each such attempt constitutes a separate offense, and the State may elect upon which offense to proceed. The evidence is sufficient to support the jury's finding that appellant *attempted* to pass the check to Mrs. Landers when he asked her to cash it.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.