[Crim. No. 8174. Second Dist., Div. Two. Aug. 12, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. MAX J. GUTKOWSKY, Defendant and Appellant.

224

Robert L. Dicker, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

ASHBURN, J.—Defendant appeals from judgment convicting him of three counts of forgery of fictitious name upon checks. (Pen. Code, § 470.)

Proceeding according to the rules laid down in *People v. Hyde,* 51 Cal.2d 152, 154 [331 P.2d 42], we denied appellant's application for appointment of counsel to represent him on appeal because we concluded after independent investigation of the record that such appointment would be of no advantage to defendant and not helpful to the court. Four times we denied such an application, no brief was filed and we submitted and decided the cause upon the merits, affirming the judgment in *People v. Gutkowsky,* 208 Cal.App. 2d 496 [25 Cal.Rptr. 245].[1]

After the decision in *Douglas v. State of California,* 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811] was rendered by the Supreme Court of the United States,[2] and upon motion of appellant, we recalled the remittitur on May 9, 1963, vacated our judgment and appointed an attorney to represent appellant throughout further stages of the cause; said attorney has filed briefs and the matter is before us a second time upon the merits. We again find no merit in the appeal.

First it is contended that the corpus delicti was not proved, hence defendant's admissions were inadmissible, with the result that the evidence is insufficient to sustain the conviction. The argument is that proof that the purported maker of a check had no account with the bank upon which drawn did not constitute prima facie evidence that the check was fictitious. Counsel sets up *People v. Thal,* 61 Cal.App. 48, 54 [214 P. 296], as his target and makes factual distinctions through which he would dispose of that case and the others holding that such evidence does establish a prima facie showing of the fictitious nature of the checks. They are: *People v. Brown,* 61 Cal.App. 574, 576 [215 P. 1031]; *People v. Eppinger,* 105 Cal. 36, 41 [38 P. 538]; *People v. Walker,* 15 Cal.App. 400, 407 [114 P. 1009]; *People v. Felt,* 98 Cal.App. 2d 137, 139 [219 P.2d 54]; *People v. Roche,* 74 Cal.App. 556, 558, 559 [241 P. 279]; *People v. Carmona,* 80 Cal.App.

[1] The Reporter has omitted from the official report the concluding words "Judgment affirmed" which appear at the end of the original opinion.

[2] See also *Vasquez v. District Court of Appeal,* 59 Cal.2d 585 [30 Cal. Rptr. 467, 381 P.2d 203], decided May 14, 1963.

159, 165 [251 P. 315]; *People* v. *Cohen,* 113 Cal.App. 260, 262 [298 P. 114]; *People* v. *Sheridan,* 136 Cal.App. 675, 685 [29 P.2d 464]; *People* v. *Slattery,* 59 Cal.App.2d 451, 455 [139 P.2d 105]; *People* v. *Menne,* 4 Cal.App.2d 91, 104, 105 [41 P.2d 383]. The authorities are uniform in this state and seem to be to the same effect elsewhere. (See 49 A.L.R. 2d at p. 880.) As the principle is well established in this jurisdiction, attempted differentiation in the facts accomplishes nothing, especially where as here counsel cites no case which holds the contrary.

 Next it is argued that appellant was not adequately represented below. The cause was submitted in the superior court, pursuant to stipulation, upon the transcript of the preliminary hearing. Defendant was represented before the magistrate by a deputy county public defender. At the trial he was represented by attorney H. M. Dunham, counsel of his own choosing and hiring.

Present counsel criticizes the cross-examination of the police officer in the municipal court upon defendant's admissions which he said had been made to him freely and voluntarily. Counsel says: "He did not ask to see the written confession nor did he inquire at all as to the circumstances under which the confession was allegedly given. Questions which were of a leading nature were not challenged by defense counsel, nor did he object to the solicitation of opinion testimony." He concludes that: "Except for his remarks regarding bail, defense counsel's participation in the preliminary hearing was something less than perfunctory." It is not suggested wherein defendant's position could have been improved by further cross-examination of the officer, nor does counsel undertake to show that defendant's position would not have been worsened by further probing of these matters. *People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457], says: "The handling of the defense by counsel of the accused's own choice will not be declared inadequate except in those rare cases where his counsel displays such a lack of diligence and competence as to reduce the trial to a 'farce or a sham.' "

 It is to be remembered that the strategy of a trial or preliminary hearing must be determined by the attorney, not the client. *People* v. *Jackson,* 186 Cal.App.2d 307, 315 [8 Cal.Rptr. 849]: "The attorney is not required to accede to his client's wishes in a matter which experience, sound judgment, law or ethics direct are not consistent with his client's best interests." *People* v. *Johnson,* 164 Cal.App.2d 470,

477 [330 P.2d 894] : " '[W]here an accused is represented by counsel and the basis of his claim is that he received poor advice, indicative of poor judgment on the part of his attorney, and acted thereon to his detriment, those facts, even if substantiated, do not amount to a denial of the right of representation. [Citations.]' *(People* v. *Logan,* 137 Cal. App.2d 331, 335 [290 P.2d 11].)'' We considered at some length in *Duffy* v. *Griffith Co.,* 206 Cal.App.2d 780, 789-793 [24 Cal.Rptr. 161], the matter of differences between attorney and client as to the strategy to be pursued in a trial.

Whether defendant should have been called as a witness at the preliminary hearing or in the trial presented a real question which only counsel should decide. Sometimes the defendant loses his case solely through his own testifying, and in other instances defendant goes free as a result of staying off the stand and keeping his thoughts to himself.

Whether the case should be submitted in the trial court upon the transcript of the preliminary hearing presents another delicate question of judgment which must be decided by the attorney rather than the defendant. As said in *People* v. *Barreras,* 181 Cal.App.2d 609, 616 [5 Cal.Rptr. 454] : "In any event, a mistake in judgment alone constitutes neither inadequate representation nor a denial of due process.''

*People* v. *Wein, supra,* 50 Cal.2d 383, 411: "He at most committed what in retrospect may be claimed to be mistakes in judgment by following certain strategy employed. Such mistakes, if any, do not constitute a denial of due process.'' We cannot say that the record or the argument at bar shows ''such a lack of diligence and competence as to reduce the trial to a 'farce or a sham.' ''

Lastly, it is argued that defendant discharged his attorney, asked for a new one but the court disregarded his request and proceeded to sentence defendant and to deny his application for probation while he was without legal representation. That is not quite the picture. Appellant originally had as his attorney the public defender under appointment by the court. He substituted his private attorney for the public defender. Then at the time set for sentencing he sought a continuance, undertook to discharge his attorney and to have the court appoint a new one for him. The colloquy is set forth in our former opinion at page 497 [208 C.A.2d].[3] We therein said: ''Manifestly there was no error

---

[3] ''On November 21, 1961, the time set for sentencing and hearing of probation application, defendant through his attorney, Mr. Dunham,

in this ruling." At that stage of the case defendant had no right to discharge his attorney without the consent of the court. The time had passed when a continuance or representation by a new attorney could be of any real assistance to him. The matter rested within the discretion of the trial judge and that discretion was not abused. See *People* v. *Ford,* 200 Cal.App.2d 905, 916 [19 Cal.Rptr. 758]; *People* v. *Miller,* 218 Cal.App.2d 628 [32 Cal.Rptr. 396].

We again arrive at the conclusion that "[n]o legal questions of any substantiality emerge from the record, no question of admissibility of evidence or of involuntary nature of confession, no problem of weighing conflicting evidence." (P. 497 [208 C.A.2d].)

The judgment is again affirmed.

Fox, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 9, 1963.

---

sought a further continuance. The attorney said he did not know what ground his client had and so: 'THE COURT: What is the ground for a continuance? THE DEFENDANT: I am releasing Mr. Dunham as of now, and I have Mrs. Root and Mr. McPherson handling it, and—— THE COURT: Mr. Gutkowsky, Mrs. Root has called the court this morning, and indicated she is not representing you, and does not intend to, so I see no reason for any further delay in this matter. . . . THE DEFENDANT: Well, then, I would like to have an attorney, then. THE COURT: Well, I am sorry, Mr. Gutkowsky. This matter has been going on now for some time, and I see nothing that could be gained by additional counsel or other counsel.' Thereupon sentence was imposed."