STATE OF NEBRASKA, APPELLEE, v. FLOYD R. MORGAN, APPELLANT.

156 N. W. 2d 799

Filed March 1, 1968. No. 36576.

Adolph Q. Wolf and Thomas D. Carey, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant, Floyd R. Morgan, was convicted of uttering a forged check. His motion for new trial was overruled and he has appealed.

The check which was the basis for the charge was in the amount of $30, payable to "Baker's food Mart," drawn on The Omaha National Bank, and purportedly signed by "J. B. McConnell, 10608 Saratoga St., Omaha, Nebr." The evidence shows that the check was written by Harold Nichols and cashed by Ronald Ray Rogers at the Baker store. There was evidence from which the jury could find that the defendant participated in the transaction as an aider and abettor.

The State attempted to show that the check was a forgery by proof that the drawer, "J. B. McConnell," was a fictitious person. A return slip, which had been attached to the check by an employee of the bank, bearing the notation "No Acct" was received in evidence over the objection of the defendant. The ruling on this objection is assigned as error.

The foundation for the admission of the return slip consisted of testimony by police officers that the check had been presented to an official in the customer's service department of the Omaha National Bank with a request that the bank determine whether the check was forged or a no-account check, and that the return slip was attached to the check at the bank. No officer or employee of the bank testified concerning the check and there was no additional foundational evidence concerning the return slip.

It is generally held that testimony of a proper officer of the drawee bank that the drawer has no account in the bank and is unknown to the bank is prima facie evi-

dence that the drawer is a fictitious person. State v. Phillips, 256 N. C. 445,124 S. E. 2d 146; People v. Gutkowsky, 219 Cal. App. 2d 223, 33 Cal. Rptr. 79; Annotation, 49 A. L. R. 2d 852. The return slip produced by the State in this case is not an adequate substitute for the testimony of a proper officer of the drawee bank.

The defendant's objection that the return slip was hearsay and that there was no proper and sufficient foundation for its admission should have been sustained. Farrington v. State, 10 Ohio 354; Rogers v. State, 97 Neb. 180, 149 N. W. 318, L. R. A. 1915 B 1125; Bedford v. State, 36 Neb. 702, 55 N. W. 263. The error requires that the judgment be reversed.

There is another matter in the record which requires comment. In a hearing conducted out of the presence of the jury the State attempted to establish a foundation for the admission of a statement which the police had obtained from the defendant. The evidence showed that there had not been compliance with the *Miranda* rules and the trial court held, properly, that the statement could not be used. The State, however, subsequently examined a police detective in the presence of the jury concerning advice and admonitions which he had given to the defendant.

In State v. Whited, *ante* p. 282, 154 N. W. 2d 508, we noted that such evidence is not relevant or material, where the statement or confession is not offered or received, and may be prejudicial to the defendant. Under the circumstances in this case, the questioning was improper and should not have occurred.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.