STATE of South Dakota, Plaintiff
and Appellee,

v.

Ted M. HATTEN, Defendant
and Appellant.

No. 13361.

Supreme Court of South Dakota.

Considered on Briefs Oct. 1, 1981.

Decided Nov. 18, 1981.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Donald G. Forgey, Dakota Plains Legal Services, Batesland, for defendant and appellant.

MORGAN, Justice.

Defendant appeals his felony conviction for forgery on three evidentiary grounds; (1) erroneous admission of a photographic lineup, (2) erroneous admission of bank return slips attached to a check, and (3) insufficient evidence to support the verdict. Since we reverse the trial court on the second issue, we do not reach the other grounds raised by defendant.

On February 28, 1979, defendant negotiated a twenty-five dollar check drawn on Archie Graham's account with the Bank of Cody. He passed the check in the Martin Municipal Liquor Store. Later, the check was returned to the liquor store with three bank return slips stapled to it; two slips, the original and carbon copy, from the Blackpipe State Bank in Martin, and one from the drawee bank. Each bank slip indicated that the signature did not conform with that on file. The trial court admitted into evidence the check and bank slips over defendant's objection to their foundation.

All evidence admitted at trial must be relevant. SDCL 19–12–2. Although relevancy subsumes authenticity, our code treats the concepts separately. Authenticity is a condition precedent to the admissibil-

ity of relevant evidence. SDCL 19–17–1. A proponent must make a prima facie showing that evidence is what it purports to be. Here, we consider only the authenticity of the bank slips attached to the allegedly forged check.

 The State introduced and the trial court properly received the check drawn on Archie Graham's account despite his dubious credibility. See SDCL 19–18–8. This check, however, had three additional documents attached to it. On their face, these slips purported to be from the Bank of Cody and the Blackpipe State Bank. Yet, the State failed to call a representative of either bank. See State v. Morgan, 182 Neb. 639, 156 N.W.2d 799 (1968). Each bank slip also contained a handwritten notation designating that the check's signature did not match the signature card in the banks' file. The signature card, however, was never offered or introduced into evidence. Moreover, the investigating officer failed to contact either bank. Clearly, the State neglected the required prima facie showing of authenticity.

Since the trial court erred in admitting the bank slips, we must consider whether the erroneous admission was prejudicial error. Archie Graham's testimony is, at best, confused. At one point in the trial, he testified that the check contained his signature. At another, he disclaimed writing the check. Moreover, defendant's evidence showed that the signature card was sixty years old and that an admittedly authentic check from Archie to defendant was returned by the bank. Faced with Archie's questionable credibility, and at least one erroneously returned check, the tatements that the signature card failed to coincide with the signature on the check became cardinal to the State's case. The admission of these bank slips prejudiced defendant's trial.

We reverse defendant's conviction since the trial court erroneously admitted the bank slips and this error prejudiced his trial.

DUNN, HENDERSON and FOSHEIM, JJ., concur.

WOLLMAN, C. J., concurs specially.

WOLLMAN, Chief Justice (concurring specially).

I concur specially only to point out that the State's brief agrees with appellant that the conviction should be reversed. In view of the fact that I recently joined in an opinion that criticized the Attorney General's office for failing to file a brief in a case involving the constitutionality of a statute, see # 13290, State ex rel. Wieber v. Hennings, opinion filed October 14, 1981, (Wollman, Chief Justice, joining in special concurrence), I think it only fair that we acknowledge that in this case the State did not attempt to assert a position that it had concluded would be indefensible.