**Iris Monroe FRENCH, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-81-048-CR.**

Court of Appeals of Texas,
Fort Worth.

March 10, 1982.

Rehearing Denied March 24, 1982.

Charles Dickens, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and William Kane, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

The appellant, Iris Monroe French, has appealed his conviction of possessing a forged check. An enhancement count resulted in his being sentenced to serve 20 years in the Texas Department of Corrections.

We affirm the judgment of the trial court.

On August 22, 1978 the appellant entered a liquor store which Gary Burns had just purchased from Dennis Lunsford. Lunsford was training Burns so when the appellant handed the check in question to Burns, Burns, in turn, handed it to Lunsford. Lunsford dialed the phone number printed on the check and momentarily spoke with a woman who had answered the call. After Lunsford spoke with the woman he pulled a pistol from under the store counter and told the appellant to wait until the police arrived.

Police Officer Ogle arrived at the store in response to Lunsford's call to the police. After being told what had happened, Ogle arrested the appellant and searched him as an incident to the arrest. This search uncovered two checks drawn on the same account as the check appellant had attempted to pass.

The appellant's fourth ground of error is that the trial court erred in refusing to set aside the indictment pursuant to the Texas Speedy Trial Act, V.A.C.C.P. art. 32A.02 (Supp.1982). The State filed its first announcement of ready on December 8, 1978, the 108th day following the date of the appellant's arrest. On April 9, 1979 the appellant filed a motion for discharge predicated on his right to a speedy trial. A hearing was had on this motion at which time the trial judge explained that the appellant had not yet been tried because the docket was crowded.

The case of *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979) is dispositive of the appellant's contention relating to his right to a speedy trial. It was held in *Barfield* that when the State declares its readiness for trial, this declaration is *prima facie* sufficient to demonstrate conformity with the Speedy Trial Act. The accused can rebut this showing, however, by demonstrating that the State was not ready for trial during the Act's time limits. Here, the appellant made no such rebuttal. In any event, the record reveals that the delay was caused by the condition of the court's docket. *Barfield* holds that crowded docket conditions are not covered by the Act. We overrule the fourth ground of error.

The gist of the appellant's first two grounds of error is that there was insufficient evidence to support his conviction because there were variances between the check set forth according to its tenor in the indictment and the check which was intro-

duced into evidence. Although the appellant has raised an issue as to there being an insufficient connection made between the appellant and the check in question, we find such assertion to be so without merit as to warrant no more than limited discussion. James Dixson testified that the check in question appeared to be one of his company's checks and that the drawer's signature was not one which was authorized. Officer Ogle identified the check in question as the one he had retrieved at the liquor store by looking to the initials he had signed upon it.

The appellant points to two variances between the check which is set forth according to its tenor in the indictment and the check which was introduced into evidence. The check which was introduced into evidence shows the address of Associated Truck Services, the company upon whose account the check was drawn, to be 1016 Wallace Street while the indictment sets forth 1816 Wallace Street as the address. The second variance is an omission. The indictment omitted Associated Truck Services' account number which is printed on the check which was introduced into evidence.

■ This court takes the position that not all variances are fatal. Whether a variance is fatal hinges on the materiality of the variance. A variance is immaterial if it is inconceivable that the accused could have been misled or prejudiced thereby. *Pate v. State*, 172 Tex.Cr.R. 612, 361 S.W.2d 875 (1962); *Whitlock v. State*, 170 Tex.Cr.R. 153, 338 S.W.2d 721 (1960); *Anderson v. State*, 144 Tex.Cr.R. 26, 161 S.W.2d 88 (1942).

■ Looking to the facts of this case we observe that although there are the two variances mentioned above, these variances do not rise to such a level as to be misleading or prejudicial. The two "instruments" are identical in these respects: the check numbers are the same; the dates are the same; the drawers are the same; the drawee banks are the same; the payees are the same; the amounts are the same; the company names are the same; and the checks both contain the memorandum that the checks are for "vacation".

Clearly the check set forth according to its tenor in the indictment was in reference to the check which was introduced into evidence. We overrule the first two grounds of error.

■ The third ground of error is that the trial court erred in admitting into evidence the two other forged checks discovered on the appellant's person in the course of the search incident to the appellant's arrest.

At trial the appellant objected to the admission of the checks on the grounds that the testimony showed "there was no lawful reason for the arrest, hence, there would be no lawful reason for the search". This being the appellant's only objection made before the trial court, nothing is preserved for review in regard to the appellant's contention that the introduction of these checks improperly presented extraneous offenses before the jury.

V.A.C.C.P. art. 14.04 (1977) provides:
"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

In *Tarpley v. State*, 565 S.W.2d 525 (Tex.Cr. App.1978) it was explained that the "credible person" need not be a police officer. Also, it is the knowledge of the "credible person" which must meet the test of probable cause.

Officer Ogle testified that he had made calls to the liquor store before and so he knew Burns and Lunsford. He further testified that he made the arrest based purely and solely upon what he was told by Burns and Lunsford. The probable cause possessed by Burns and Lunsford was derived through the call to the woman answering the number appearing on the check which appellant attempted to pass and through what they had observed. Under these circumstances we hold the arrest to have been lawful. *Tarpley* contains a good discussion of this topic.

Having arrested the appellant officer Ogle had the right to search the appellant for weapons and destructible evidence. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Tarpley v. State, supra.* The two other forged checks were properly admitted. We overrule the third ground of error.

The judgment of the trial court is affirmed.