Donald DUTTON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–92–01205–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 24, 1994.

Rehearing Overruled April 14, 1994.

Merrilie Maull, Sugarland, for appellant.

Mary Cudd, Angleton, for appellee.

Before SEARS, LEE and WILLIAM E. JUNELL (Retired), JJ.

## OPINION

WILLIAM E. JUNELL, Justice (Retired).

This is an appeal of a conviction for escape. Appellant Dutton complains that (1) the trial court unduly restricted Dutton's voir dire of a prospective juror, (2) the evidence was insufficient, (3) the trial court refused a requested jury instruction, and (4) the prosecutor's jury argument was improper. We affirm.

We summarize the facts in the light most favorable to the verdict. On November 15, 1990, Dutton was serving stacked sentences at the Ramsey I Unit of the Texas Department of Criminal Justice, Institutional Division: (1) cause no. 313689/aggravated rape/sentenced August 11, 1980/20 years; (2) cause no. 313552/burglary of a habitation with intent to commit rape/sentenced November 20, 1980/20 years; and (3) cause no. 486303/aggravated sexual assault/sentenced June 23, 1988/life.

At 6:00 a.m., correctional officer Ferdinand De La Rosa conducted a routine inmate count. Dutton and another inmate were absent. The prison compound was searched, but the escapees remained at large.

In early January 1991, Houston police officer Gary Schiebe was on duty at the West Side Jail in Houston. He encountered Dutton who was in the jail under an alias. James Shaw, warden of the Ramsey I Unit on November 15, 1990, spoke with Dutton in Houston. Dutton did not have Warden Shaw's permission to be there.

A jury found Dutton guilty of escape. He appeals.

In point of error two, Dutton contends that the trial court erred in refusing to allow him to voir dire a venireman on what reasonable doubt meant to him.

The standard of review where a defendant claims he was improperly restricted on voir dire is whether the trial court abused its discretion. *McCarter v. State*, 837 S.W.2d 117, 119 (Tex.Crim.App.1992). Discretion is abused when a properly-phrased question about a proper area of inquiry is prohibited. *See Smith v. State*, 703 S.W.2d 641, 643 (Tex.Crim.App.1985).

During voir dire, Dutton asked a potential juror whether he had a problem following the law, i.e., that the State had the burden to prove each and every element of the offense beyond a reasonable doubt. Another juror interrupted with his personal definition of reasonable doubt. When Dutton asked the second juror to explain, the State objected on grounds that reasonable doubt was defined in the charge. Although the trial court did not expressly sustain the State's objection, the court instructed Dutton to give the definition

from the charge and see if the potential jurors could follow the charge. When the State objected a second time, the trial court asked the juror if he remembered the definition of reasonable doubt. The juror responded that he understood the definition and would follow the law.

■ We find that the trial court did not prevent Dutton from asking potential jurors questions regarding their understanding of reasonable doubt. Rather, the court merely redirected the questioning to better focus on the *Geesa*-mandated jury instruction defining reasonable doubt. *See Geesa v. State,* 820 S.W.2d 154, 162 (Tex.Crim.App.1991). The trial court did not abuse its discretion in not allowing Dutton to ask a particularly-phrased voir dire question when he did permit Dutton to ask a rephrased question. We overrule point two.

In point one, Dutton complains that the evidence was insufficient to prove that he was in custody on cause no. 486303 as alleged in the indictment.

■ On review of the sufficiency of evidence, we view the evidence in the light most favorable to the State and affirm the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 238–239 (Tex.Crim.App.1989), *overruled on other grounds,* 820 S.W.2d 154 (1991). Where the record supports conflicting inferences, we presume that the trier of fact resolved such conflicts in favor of the State. *Jackson,* 443 U.S. at 326, 99 S.Ct. at 2792. The jury is the sole judge of the credibility of the witnesses. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). We do not sit as a thirteenth juror and reweigh the evidence. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

Dutton concedes that he was in custody when he escaped and that he was convicted of a felony. However, Dutton contends that he was not in custody *in cause no. 486303* as charged in the indictment. Dutton maintains that, at the time of his escape, he was still serving his first sentence, i.e., the 20–year term for aggravated rape under cause no. 313689. As he had not completed that sentence, it was still operational. In fact, he was due to serve yet another 20–year sentence, *seriatim,* before the sentence in cause no. 486303 was executed.

§ 38.07. Escape

(a) A person commits an offense if he escapes from custody when he is:

    (1) . . . convicted of an offense;

        *     *     *     *     *     *

(c) An offense under this section is a felony of the third degree if the actor:

    (1) is . . . convicted of a felony; or

    (2) is confined in a penal institution.

        *     *     *     *     *     *

TEX.PENAL CODE ANN. § 38.07 (Vernon 1989). "Custody means detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court." *Id.* § 38.01(2) (Vernon Supp.1994). "Escape means unauthorized departure from custody. . . ." *Id.* § 38.01(3).

The indictment stated in pertinent part: . . . DONALD DUTTON . . . did then and there intentionally and knowingly escape by unauthorized departure from the custody of James Shaw, Jr., namely, Warden of the Ramsey I Unit of the Texas Department of Corrections, a public servant, who was acting pursuant to an order of a court, *namely, the judgment and sentence of the 351st District Court of Harris County, Texas in Cause Number 486303* and at the time of said escape said defendant was convicted of a felony, namely, Aggravated Sexual Assault.

(Emphasis added.)

The judgment and sentence in cause no. 486303 was admitted into evidence without objection as State's Exhibit # 1. It showed that Dutton was convicted of aggravated sexual assault on June 23, 1988, and that Dutton was to be delivered by the Sheriff to the Director of the Department of Corrections and be confined in accordance with the provisions governing such punishments. Exhibit # 1 reflects that Dutton was remanded to jail

until the Sheriff could obey the directions of the judgment. Warden Shaw testified that, on November 15, 1990, he was supervising Dutton for all the felonies for which he was incarcerated.

■ Viewed in the light most favorable to the verdict, the evidence established that one basis for Dutton's confinement in the Texas Department of Corrections was his conviction for aggravated sexual assault in cause no. 486303. The fact that the time served by Dutton prior to his escape was not yet credited against his sentence for that offense was irrelevant. In other words, pursuant to State's Exhibit # 1, Warden Shaw was to keep Dutton in custody until the sentence in cause no. 486303 was discharged. *See State ex rel. Thomas v. Banner,* 724 S.W.2d 81, 85 (Tex.Crim.App.1987) (a judgment imposing imprisonment does not cease to operate until the defendant serves the term imposed). The evidence also established that Dutton's departure from Ramsey I was unauthorized. We find that the evidence was sufficient for a rational trier of fact to have found Dutton guilty of escape.

■ Moreover, whether a variance between indictment and evidence is fatal hinges on the materiality of the variance. *French v. State,* 629 S.W.2d 279, 281 (Tex.App.—Fort Worth 1982, pet. ref'd). In addition to State's Exhibit # 1, the evidence included the judgments and sentences for Dutton's other convictions and stacked sentences. "A variance is immaterial if it is inconceivable that the accused could have been misled or prejudiced thereby." *Id.* Such is the case here.

We overrule point one.

In point four, Dutton asserts that the trial court erred in refusing a requested jury instruction at the guilt/innocence stage.

Dutton contends that the only disputed issue in the case was whether Dutton was in custody *on the cause listed in the indictment* given that the judgment included a stacking order. He argues that the charge as submitted did not present to the jury the ultimate disputed fact issue in the case. Dutton requested the following instructions:

1. Our law provides that when a person has cumulative sentences that he is in custody on the first sentence until it ceases to operate, then in custody on the second sentence until it ceases to operate and so on until all sentences cease to operate.

2. Our law provides that a sentence ceases to operate when the maximum term of years has been served.

■ In reviewing the trial court's charge, we first determine whether the charge given was erroneous, and, if so, whether the error was harmful. *Almanza v. State,* 686 S.W.2d 157, 174 (Tex.Crim.App. 1984). When the trial court gives adequate instructions that fully protect the defendant as to the matters included in the requested charge, a special requested charge may be properly refused. *Parr v. State,* 575 S.W.2d 522, 527–28 (Tex.Crim.App.1978). The charge to the jury should include the statutory definitions of any legal phrase or terms that the jury must use in resolving the issues of the case. *See Watson v. State,* 548 S.W.2d 676, 679 n. 3 (Tex.Crim.App.1977). The word "custody" is defined in the penal code, and this was the definition included in the jury charge. *See* TEX.PENAL CODE ANN. § 38.-01(2) (Vernon Supp.1994). Since the charge given to the jury contained a correct statement of the law, the trial court did not error in denying Dutton's requested instructions. *Bell v. State,* 582 S.W.2d 800, 812 (Tex.Crim. App.1979), *cert. denied,* 453 U.S. 913, 101 S.Ct. 3145, 69 L.Ed.2d 995 (1981). We overrule point four.

In point three, Dutton maintains that the trial court erred in denying his motion for mistrial based on the prosecutor's improper jury argument at the punishment stage.

Dutton's counsel stated in closing argument:

[H]e did not threaten anyone, harm anyone or put anyone in fear. That's the nature of this escape.... [T]here are escapes where people are taken hostage or people are put in fear of their life. I just want you to remember in this particular case that did not happen.

In its argument, the State responded:

... I want to correct something that [defense counsel] said. She said there is no evidence about him harming or threatening anyone during the course of this escape. *What she didn't tell you is she knows about the rules of evidence and she knows what I can and can't go into—*

(Emphasis added.)

Dutton objected. The trial court sustained the objection, instructed the jury to disregard, but denied Dutton's motion for mistrial. Dutton argues that the argument was improper because it invited the jury to speculate on whether there was evidence, albeit inadmissible, that Dutton had threatened or harmed someone during the course of the escape. *See Robinson v. State*, 701 S.W.2d 895, 900 (Tex.Crim.App.1985).

■■■ The permissible areas of jury argument are: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of opposing counsel, and (4) plea for law enforcement. *Landry v. State*, 706 S.W.2d 105, 111 (Tex.Crim.App. 1985), *cert. denied*, 479 U.S. 870, 107 S.Ct. 242, 93 L.Ed.2d 167 (1986). The prosecutor's offending statement was clearly in response to defense counsel's portrayal of Dutton as non-violent. However, the prosecutor impermissibly invited the jury to speculate that evidence of Dutton's violent nature might exist. Nevertheless, we find that any harm was obviated by the trial court's sustaining of Dutton's objection and the court's prompt instruction to disregard. *See Thomas v. State*, 578 S.W.2d 691, 695 (Tex.Crim.App. 1979). The prosecutor's argument was not extreme nor manifestly improper, did not inject new and harmful facts into the case nor violate a mandatory statutory provision, and thus was not so inflammatory that its prejudicial effect could not be reasonably cured by the trial court's instruction to disregard. *See Hernandez v. State*, 819 S.W.2d 806, 820 (Tex.Crim.App.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992). We overrule point three.

Finding no error, we affirm.