Harold Tessler, J.
Defendants move (1) to make more definite and certain paragraphs 9, 13 and 14 and the third cause of action of the amended complaint, (2) to strike out as sham *502 and frivolous the second and fourth causes of action, and (3) in the alternative to dismiss the entire complaint ‘ ‘ for failure to set forth a valid cause of action ”.
In his opposing affidavit plaintiff’s attorney states that the prime purpose for the entire action is to establish that a conveyance of certain real property from plaintiff’s intestate, her deceased husband, to defendant Elizabeth Smith, and a further conveyance of said property from said defendant to herself and defendant Ziemba, as joint tenants, were fraudulent.
The complaint contains four causes of action. Two are asserted by plaintiff Stella Smith, individually, and two are asserted by her in her representative capacity. Two causes of action (one in each capacity) are based upon the theory that said conveyances were made with actual intent to defraud (see Debtor and Creditor Law, § 276) and two causes of action (one in each capacity) are based upon the theory of implied fraud (§§ 271, 273).
Plaintiff may, of course, proceed upon as many theories as are available to her in her individual and representative capacities. (See 13 Carmody-Wait, New York Practice, p. 730; Beal Property Law, § 268.) Indeed, by order of this court dated March 13, 1961, plaintiff, upon motion of defendants, was ordered separately to state and number her cause of action for fraud in her individual capacity as a judgment creditor, and her cause of action in her capacity as administratrix of the estate of Jack Smith. This she has done. The difficulty with the instant complaint, however, is that the first cause of action — all the allegations of which are incorporated by reference in each of the succeeding causes of action — contains allegations which do not properly belong in that cause of action, which is brought by plaintiff in her individual capacity to set aside the transfers of the property in question on the theory of actual intent to defraud. For example, in paragraphs 11, 12, 13 and 14 plaintiff speaks of the estate of Jack Smith or of his lawful distributees, or both, and in paragraph 15 she unnecessarily alleges his insolvency (see Gunsberg v. Takabi Corp., 20 Misc 2d 640). Such allegations tend to becloud the precise theory upon which plaintiff is proceeding. Accordingly, under so much of defendants’ motion as seeks to make the third cause of action more definite and certain, as well as under the prayer for other and further relief, plaintiff will be directed to serve a further amended complaint, repleading the four causes of action but restricting the allegations of each to those pertinent to the theory upon which she is proceeding. Plaintiff may serve *503 such complaint within 10 days after the entry of the order hereon. In all other respects defendants’ motion is denied.
The objection to the allegation “ without fair consideration ” is specious since what constitutes fair consideration is plainly set forth in the statute (Debtor and Creditor Law, § 272).
The objection that the second and fourth causes of action are sham and frivolous is also without merit. “ Sham matter is that which is good in form but false in fact, and which is [so] demonstratively false as to leave no reasonable doubt in the mind of the court as to its falsity. Frivolous matter, on the other hand, is matter which is so clearly and palpably bad as to indicate bad faith on the part of the pleader and as to require no argument to convince the court thereof.” (Santasiero v. Briggs, 278 App. Div. 15, 21.) So tested, the second and fourth causes of action are plainly neither sham nor frivolous.
The claim of insufficiency must also fail. It is unnecessary to decide whether each of the four causes of action is sufficient, since the attack made is that the complaint does not set forth ‘ ‘ a valid cause of action ’ The first cause of action is plainly sufficient.