[S. F. No. 21258.   In Bank.   May 14, 1963.]

MODESTO QUERIOZ VASQUEZ, Petitioner, v. THE DISTRICT COURT OF APPEAL, FIFTH APPELLATE DISTRICT, Respondent; THE PEOPLE, Real Party in Interest.

Modesto Querioz Vasquez, in pro. per., and Joseph I. Kelly, under appointment by the Supreme Court, for Petitioner.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Respondent and Real Party in Interest.

TRAYNOR, J.— Petitioner filed notice of appeal from a judgment of conviction of a violation of Health and Safety Code section 11501 and as an indigent requested respondent District Court of Appeal to appoint counsel to assist him. Invoking the practice authorized by *People* v. *Hyde,* 51 Cal. 2d 152, 154 [331 P.2d 42], respondent denied the request on the ground that an independent investigation of the record showed that it would not be of advantage to defendant or helpful to the court to have counsel appointed. Petitioner seeks mandamus to compel respondent to appoint counsel.

In *Douglas* v. *California,* 372 U.S. 353, —— [83 S.Ct. 814, 816, 9 L.Ed.2d 811, 814] the United States Supreme Court held the *Hyde* practice unconstitutional noting that "the type of an appeal a person is afforded in the District Court of Appeals hinges upon whether or not he can pay for the assistance of counsel. If he can the appellate court passes on the merits of his case only after having the full benefit of written briefs and oral argument by counsel. If he cannot the appellate court is forced to prejudge the merits before it can even determine whether counsel should be appointed. At this state in the proceedings only the barren record speaks for the indigent, and, unless the printed pages show an injustice has been committed, he is forced to go without a champion on appeal. Any real chance he may have had of showing that his appeal has hidden merit is deprived him when the court decides on an *ex parte* examination of the record that the assistance of counsel is not required."

Such a practice denies the equal protection of the laws: "There is lacking that equality demanded by the Fourteenth Amendment where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the rec-

ord, research of the law, and marshalling of arguments on his behalf, while the indigent, already burdened by a preliminary determination that his case is without merit, is forced to shift for himself.'' (83 S.Ct. at p. 817.)

Let a peremptory writ of mandamus issue.

Gibson, C. J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.

Schauer, J., concurred in the judgment.