Charles BLAIR, Appellant,

v.

The PEOPLE OF the STATE OF CALI-
FORNIA, Robert A. Heinze, Warden,
et al., Appellees.

No. 18949.

United States Court of Appeals
Ninth Circuit.

Jan. 6, 1965.

Rehearing Denied Feb. 24, 1965.

tion of California Health and Safety Code, § 11531.[1]  The district court examined the record of the state criminal proceeding after which it denied, without hearing, the motion to proceed in forma pauperis.  Blair appeals.[2]

■  The district court denied the motion to file, in forma pauperis, an application for a writ of habeas corpus on the ground that the application for the writ is frivolous.  This is a proper ground for denial of a motion to proceed in forma pauperis.  Stiltner v. Rhay, 9 Cir., 322 F.2d 314, 315–316.

■  But an application for a writ of habeas corpus is not frivolous merely because it is determined to be without merit as a matter of law.  It is frivolous only if the applicant can make no rational argument on the law or facts in support of his claim for relief.  See Tidmore v. Taylor, 10 Cir., 323 F.2d 88, 90; Ragan v. Cox, 10 Cir., 305 F.2d 58, 60.

■  In our view, Blair's application for a writ of habeas corpus is not frivolous in this sense, since he raises one or more reasonably debatable grounds for relief.  We will therefore regard the application as having been filed and thereafter denied by the district court on the ground that as a matter of law the applicant is not entitled to relief.  If this assumed district court conclusion is correct, denial without hearing was authorized.  See 28 U.S.C. § 2243 (1958); Yeaman v. United States, 9 Cir., 326 F.2d 293, 294; Muhlenbroich v. Heinze, 9 Cir., 281 F.2d 881, 883.

Donald M. Cahen, San Francisco, Cal., for appellant.

Thomas C. Lynch, Atty. Gen. of Cal., Doris H. Maier, Asst. Atty. Gen. of Cal., Edsel W. Haws, Deputy Atty. Gen. of Cal., Sacramento, Cal., for appellees.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge:

Charles Blair, a California state prisoner, moved in the district court for leave to file, in forma pauperis, an application for a writ of habeas corpus.  The detention complained of results from a state court conviction, after a jury trial, of the crime of selling marijuana in viola-

1. The state court judgment was affirmed by the California District Court of Appeal.  People v. Blair, 195 Cal.App.2d 1, 15 Cal.Rptr. 533, decided August 18, 1961.  The California Supreme Court denied Blair's petition for hearing (unreported), and the United States Supreme Court denied certiorari.  Blair v. California, 369 U.S. 807, 82 S.Ct. 651, 7 L.Ed.2d 554.  Blair thereafter filed an application for a writ of habeas corpus in the Superior Court of the State of California in and for the County of Sacramento.  The application was denied on February 19, 1962, and apparently no appeal was taken from the order of denial.

2. The district court also denied an application for a certificate of probable cause, such a certificate being prerequisite to an appeal in such a case.  See 28 U.S.C. § 2253 (1958).  A certificate of probable cause was thereafter granted by a judge of this court.  In this court Blair was also granted leave to appeal in forma pauperis, and counsel was appointed to represent Blair on the appeal.

One of the grounds upon which Blair relies in seeking release from state custody is that the California District Court of Appeal denied his request that counsel be appointed to assist him on his appeal from the judgment of conviction and that this deprived him of a constitutional right.

The facts relevant to this matter are as follows: the record on appeal was filed in the District Court of Appeal on October 14, 1960. On December 15, 1960, Blair filed a request for counsel on appeal. The court by order dated January 10, 1961, denied the request for counsel.

Blair was granted to February 24, 1961, to file his opening brief in the District Court of Appeal and this brief, prepared by Blair and consisting of 146 pages, was filed on that date. On June 12, 1961, also appearing propria persona, he filed a forty-one page reply brief. One of the contentions Blair made in these briefs was that he was denied his constitutional rights by reason of the failure of the District Court of Appeal to appoint counsel to represent him on the appeal.

On June 15, 1961, the case was ordered calendared for July 13, 1961. Thereafter the court denied Blair's motion to appear for oral argument. On July 13, 1961, the court ordered the matter continued to August 10, 1961. On August 9, 1961, Blair filed a substitution of attorneys, naming Elinor Chandler as his attorney.

The court docket contains the following entry for August 10, 1961: "Argument waived; cause submitted." On August 18, 1961, the court entered its order affirming the judgment of convic-

tion. Rehearing was denied September 1, 1961. The California Supreme Court denied a petition for hearing on October 11, 1961.

One of the points dealt with in the opinion affirming the judgment was Blair's contention that he was denied his constitutional rights by reason of the failure of the court to appoint counsel to represent him on the appeal. The District Court of Appeal held that the contention was without merit. It called attention to the fact that, in acting upon the request, the court had made an independent investigation of the record and had determined that it would be neither advantageous to the defendant nor helpful to the court to have counsel appointed.[3] The court also observed that the procedure which it had followed was in harmony with that approved by the Supreme Court of California in People v. Hyde, 51 Cal.2d 152, 154, 331 P.2d 42.

Notwithstanding the fact that Blair raised this constitutional question on his appeal to the California District Court of Appeal and received an adverse ruling thereon,[4] appellees contend that Blair may not raise the question in this federal habeas corpus proceeding because he has not exhausted his state remedies, within the meaning of 28 U.S.C. § 2254 (1958), and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. The circumstances relied upon by appellees in making this argument are threefold: (1) the right to counsel on appeal from a state conviction was first accorded constitutional standing in Douglas v. California, 372 U. S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; (2) this decision of the United States Supreme Court was rendered on March 18, 1963, which was subsequent to the deci-

---

3. In this connection the court noted the size of the briefs filed by Blair, appearing propria persona, and made this comment:
   "In these documents he has explored and re-explored every facet of his case. His treatment of each point is comprehensive. He has cited innumerable authorities, from many of which he has quoted. He has also quoted extensively from the reporter's transcript. His

briefs indicate that he has either had unusual exposure to the law or that he has had the assistance of someone with a background of experience in the law. His case has been thoroughly presented in his briefs on file."

4. We do not know whether Blair raised the same question in his subsequent state habeas corpus proceeding. As stated in note 1, he did not appeal from the state trial court order denying that application.

sions of the District Court of Appeal and the Superior Court, referred to above; and (3) a procedure is now available to Blair whereby he can have this question reëxamined by the courts of California in the light of the Douglas decision.[5]

A state prisoner has exhausted his state remedies as to a particular issue, within the meaning of 28 U.S.C. § 2254, if the issue has been decided adversely to him in the state criminal proceedings, notwithstanding the fact that he could have raised the same question, but did not, in a subsequent state collateral proceeding. See Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469.[6]

The general issue as to Blair's constitutional right to counsel on his appeal to the California District Court of Appeal was presented to that court and decided adversely to him. But the particularized issue which Blair now raises is whether that ruling is correct in the light of the subsequently-decided Douglas v. California. If Douglas had been decided before the District Court of Appeal handed down its decision in People v. Blair, and if the circumstances surrounding Blair's request for counsel fall within the ambit of Douglas, the District Court of Appeal would undoubtedly have appointed counsel to represent Blair. This is made clear by the decision in Vasquez v. District Court of Appeal, 59 Cal.2d 585, 30 Cal. Rptr. 467, 381 P.2d 203. In that case the California Supreme Court, in view of Douglas, issued a peremptory writ of mandamus requiring the District Court of Appeal to appoint counsel to represent an indigent defendant in his appeal from a judgment of conviction.

But when the District Court of Appeal decided People v. Blair, it did not have knowledge of the decision in Douglas and so had no opportunity to decide whether the principle there announced applies under the somewhat differing facts of this case. Moreover, since the judgment in Blair became final prior to the decision in Douglas, an additional issue is now presented as to whether Douglas should be applied retrospectively.

It follows that Blair has not obtained an adverse state court ruling on the issue of whether Douglas v. California is applicable to Blair's pre-Douglas state appeal and therefore whether, by reason of that decision, it must now be held that the denial of counsel on his state appeal deprived him of a constitutional right. This fact, taken into consideration with appellees' assertion that Blair can yet present this issue in the state courts, leads us to conclude that Blair has not exhausted his state remedies as to that issue. We therefore hold that, under 28 U.S.C. § 2254, Blair may not presently have this issue determined in a federal habeas corpus proceeding.

Blair makes several other contentions on this appeal as to which, considered apart from the issue discussed above, he has concededly exhausted his state court remedies. These issues pertain to the amendment of the indictment, the disappearance of the tape recording of an in-

---

5. The specific state court procedure which appellees state is now available to Blair is described as follows in their supplemental brief:
   " * * * the proper state court procedure is to petition the appellate court hearing defendant's appeal to recall its remittitur, reinstate the appeal and appoint counsel in the case. There is no indication that this procedure has been followed. In the event that such a request for the appointment of counsel is improperly denied, the procedure then is to file a petition in mandate in the California Supreme Court to compel the District Court of Appeal to appoint counsel as required by the Douglas case (Vasquez v. District Court of Appeal, 59 Cal.2d 585, 30 Cal.Rptr. 467 [381 P.2d 203])."

6. See, also, Thomas v. Cunningham, 4 Cir., 313 F.2d 934, 937; Grundler v. State of North Carolina, 4 Cir., 283 F.2d 798, 800. We are not here concerned with the question of whether the taking of an appeal is necessary to exhaust state remedies. See Fay v. Noia, 372 U.S. 391, 434–435, 83 S.Ct. 822, 9 L.Ed.2d 837. The constitutional issue in question, namely the right to counsel on Blair's state appeal, arose in the state appellate court.

terrogation of Blair, and an instruction to the jury concerning a purported admission or confession.[7]

■ These contentions, however, are of a kind which would probably be once more reviewed by the appellate courts of California if it is determined that Blair is entitled to further state appeal proceedings by reason of the denial of his request for counsel on the prior appeal. It would create an impermissible anomaly were we to set machinery in motion which may ultimately afford Blair another state appellate court examination of these issues, and then thwart or embarrass the state court by purporting to decide those very questions on this appeal.[8]

■ The underlying lesson of this case is that a state prisoner who believes that some decision of the United States Supreme Court subsequent to the state court decision in his case requires that his conviction or sentence be set aside should first pursue any state remedy which may be available to present that contention before applying for a federal writ of habeas corpus. If no state remedy is available or if, pursuing it, the state prisoner fails to obtain the relief desired, exhaustion of state remedies would be established and 28 U.S.C. § 2254 would not stand in the way of federal habeas corpus.

■ Where a state prisoner has not exhausted his state court remedies before applying for a federal writ of habeas corpus, the district court may usually either dismiss the application for that reason, or hold it in abeyance while affording the applicant a reasonable opportunity to exhaust his state court remedies. See Thomas v. Teets, 9 Cir., 205 F.2d 236, 240. In view of the rather novel exhaustion-of-remedies issue which is involved in this case, as discussed above, we believe the latter course is preferable here.

The judgment of the district court is therefore reversed and the cause is remanded with directions to enter an order holding the proceedings in abeyance to afford Blair a reasonable opportunity, not exceeding ninety days, to apply to the courts of California for a reëxamination of the question of whether, in the light of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, the denial of counsel to assist Blair on the appeal from his conviction deprived him of his constitutional rights. In the event no such effort is made by Blair within such time, the application for a writ of habeas corpus shall be dismissed for failure to exhaust state court remedies.

In the event such an effort is made and the courts of California determine that he has no presently available state remedy, or that he has such a remedy but that, on the merits, there has been no deprivation of a constitutional right in this regard, or that he is entitled to further state appeal proceedings which proceedings, however, result in affirmance, Blair may, by affidavit and attached exhibits, or by amended application, bring these facts to the attention of the district court in this proceeding. The district

---

7. In his reply brief Blair also contends, for the first time, that he was denied due process because he did not have the assistance of counsel at the time of a conversation with Deputy Sheriff Becker on the day of the trial. Since no such contention was made in the district court, it is not one which can be considered on this appeal. Blair has made no similar contention with regard to his interrogation at the time the tape recording was made.

8. Moreover, it is possible that if new state appeal proceedings are made available to Blair, the judgment of conviction will be reversed. If so, this would require dismissal of this habeas corpus proceeding without this court deciding the other questions Blair has presented in this habeas corpus proceeding. That this outcome is not entirely unlikely is indicated by the fact that in the further state appeal proceedings which followed the reversal and remand in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, the California Supreme Court reversed the judgment of conviction. See People v. Douglas, 61 Cal.2d 430, 38 Cal.Rptr. 884, 392 P.2d 964.

court will then enter such order as it deems appropriate from which the aggrieved party may appeal on the present record, as supplemented, in this same docket.