Aubrey PATE, Appellant,

v.

William C. HOLMAN, Warden, Kilby Prison, Alabama, Appellee.

No. 21428.

United States Court of Appeals
Fifth Circuit.

March 31, 1965.

Nicholas S. Hare, Montgomery, Ala., for appellant.

Richmond Flowers, Atty. Gen., John C. Tyson, III, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before RIVES, WISDOM and BELL, Circuit Judges.

WISDOM, Circuit Judge.

The Court has carefully considered the petition for rehearing and its supporting brief. The petition makes an important point with regard to the doctrine of exhaustion of remedies that requires modification of our original decision:

"Perhaps most important of all, and as recognized by this Honorable Court in its opinion of February 16, 1965, the first time the appellant squarely presented the issue of the denial of counsel on original direct appeal within the meaning of Douglas v. [People of State of] California, [372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811,] supra, was in the District Court. This was an issue, not passed upon by the United States District Court in its order of December 1963, denying habeas corpus, because it had not been presented in State Court on petition for writ of error coram nobis. * * *"

As a general issue, the effect of the prisoner's lack of appellate counsel *was* presented in the coram nobis hearing. But the particularized factual issue of indigency and the particularized legal issue of the effect of recent Supreme Court decisions were not raised until the case was in the district court.

The Court remanded the case to the district court for an evidentiary hearing on the following questions:

(1) Was the petitioner an indigent during the period Alabama allows for perfecting an appeal?

(2) If petitioner was indigent, was the indigency the cause of his not obtaining appellate counsel?

(3) Did the petitioner inform the trial judge, the State Attorney General, or the county solicitor, or any other responsible State official of his inability to obtain appellate counsel because of his indigency?

All of the Pate proceedings in the state courts were prior to Douglas v. People of State of California, 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and the other March 18, 1963, decisions of the United States Supreme Court; and prior to Norvell v. State of Illinois, May 27, 1963, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456. The petitioner calls to our attention also that the Pate proceedings in the state courts were before the Alabama legislature adopted, in September 1963, a comprehensive post-conviction statute *based on the March 18, 1963 decisions.* Title 15, sections 380(14)–380(25), Code of Alabama, as Recompiled 1958, as amended 1963, and Title 15, Sections 318(1)–318(11). Code of Alabama, Recompiled 1958, as amended 1963.

In Blair v. People of State of California, 9 Cir. 1965, 340 F.2d 741, the essential facts parallel the facts in the instant case. One of the grounds on which Blair's habeas corpus petition was based was his contention that he was denied appellate counsel. In proper person, he had raised this question, to no avail, on appeal to the California District Court of Appeal and to the California Supreme Court. Judge Hamley, for the Ninth Circuit, pointed out that the decisions of the California courts were prior to Douglas, and that "a procedure is now available to Blair whereby he can have [his contention] reexamined by the courts of California in the light of the Douglas decision". Accordingly, the court reversed the judgment of the district court and remanded the cause with directions to enter an order holding the proceedings in abeyance to afford Blair a reasonable opportunity, not exceeding ninety days, to apply to the California courts for relief.

■■■ The doctrine requiring a state prisoner to exhaust all state remedies as a prerequisite to federal habeas corpus relief is a judge-made doctrine founded on comity and a proper regard for the position of the states in American federalism. Section 2254 of Title 28 is a congressional limitation on federal habeas corpus.[1] It is not an absolute limitation. It is no limitation at all, if "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." The exhaustion doctrine should not, therefore, be applied mechanically without regard to factual setting. In the circumstances of this case, since there is

---

1. Title 28 U.S.C. § 2254 provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circum-stances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

**548**

now available to the prisoner an effective post-conviction remedy in the Alabama state courts, we hold that those courts, should have the first say as to whether, in the light of Douglas, Norvell, and other recent decisions, Pate was unconstitutionally deprived of his right to appellate counsel and, in effect, of his right to appeal his conviction. We agree with Judge Hamley statement in Blair:

"The underlying lesson of this case is that a state prisoner who believes that some decision of the United States Supreme Court subsequent to the state court decision in his case requires that his conviction or sentence be set aside should first pursue any state remedy which may be available to present that contention before applying for a federal writ of habeas corpus. If no state remedy is available or if, pursuing it, the state prisoner fails to obtain the relief desired, exhaustion of state remedies would be established and 28 U.S.C. §§ 2254 would not stand in the way of federal habeas corpus." Blair v. People of State of California, 1965, 9 Cir., 340 F.2d 741 at 745.

We now hold that the petition for habeas corpus must be denied, the judgment of the district court affirmed, and the cause remanded. We remand with directions that the district court enter an order holding the proceedings in abeyance to afford Pate a reasonable opportunity, not exceeding ninety days, to apply to the courts of Alabama for post-conviction relief in the light of Douglas, Norvell, and other recent decisions bearing on his contention that he was unconstitutionally deprived of the right to appellate counsel and, in effect, of his right to appeal his conviction. If, during the ninety day period, Pate fails to apply to the courts of Alabama for post-conviction relief, the application for a writ' of habeas corpus shall be dismissed for failure of the prisoner to exhaust state court remedies. Should Pate apply to the Alabama courts but fail to obtain the relief he seeks, he may, by affidavit and exhibits or by

amended application, bring to the attention of the district court that the Alabama courts have determined:

(1) that he then has no state court remedy;

(2) or, if he has a remedy, that on the merits, he was not deprived of his constitutional rights;

(3) or, if he is entitled to further state appeal proceedings, that the judgment of the lower court should be affirmed.

The district court will then enter an appropriate order from which the aggrieved party may appeal on the present record, as supplemented, in this same docket.

The original opinion and judgment are modified to the extent that they conflict with this opinion. Except as modified, the original opinion and judgment are reaffirmed.