**Earl Gene TOMLIN, Petitioner,**

v.

**Dr. George BETO and the State of Texas, Respondents.**

**Civ. A. No. 65–H–36.**

United States District Court
S. D. Texas,
Houston Division.

April 29, 1965.

Clyde W. Woody, Houston, Tex., for petitioner.

Waggoner Carr, Atty. Gen., of Texas, Austin, Tex., and Sam R. Wilson, Asst. Atty. Gen., of Texas, Houston, Tex., for respondents.

NOEL, District Judge.

This case is before the Court upon the petition of Earl Gene Tomlin, hereinafter called petitioner, an inmate of the Texas Prison System, for writ of habeas corpus.

On June 9, 1959, in Criminal District Court No. 3 of Harris County, Texas, petitioner was convicted of the offense of unlawful possession of a narcotic drug and was found to be an habitual criminal under Art. 63 of the Vernon's Ann. Texas

Penal Code. He was sentenced to life imprisonment.

▋ Petitioner asserts that he is illegally imprisoned because of several alleged grounds of deprivation of constitutional rights. One of these [1] is the introduction at his trial of evidence obtained as a result of a search warrant which was allegedly issued upon an insufficient showing of probable cause. The respondents have filed a motion to dismiss, asserting that the petitioner has not exhausted his state remedies as to this ground.[2]

Petitioner appealed to the Texas Court of Criminal Appeals, which affirmed his conviction on March 23, 1960, and denied rehearing on June 22, 1960, Tomlin v. State, 170 Tex.Cr.R. 108, 338 S.W.2d 735. Petitioner contends that his state remedies on the illegally-obtained-evidence question were exhausted by this appeal because of certain state procedural rules, even though his brief to that Court may not have specifically raised the question and even though that Court may not have specifically ruled on it.

▋ It is unnecessary to decide the correctness of this contention, for even assuming petitioner did raise and the Court of Criminal Appeals did rule on the illegally-obtained-evidence question, his state remedies on the question are not exhausted, for the decision of the Court of Criminal Appeals was prior to the United States Supreme Court ruling in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).[3] Since there is available to petitioner through application for writ of habeas corpus to the Texas state courts, an effective post-conviction remedy, those courts should have the first opportunity to determine whether in light of Aguilar petitioner was deprived of any constitutional rights. Pate v. Holman, No. 21428, 343 F.2d 546 (5th Cir. Mar. 31, 1965).

Therefore, unless the recent opinion of Judge Brown in Reed v. Beto, No. 21846, 343 F.2d 723 (5th Cir. Apr. 7, 1965), dictates a different result, the petitioner should exhaust his state remedies on the illegally-obtained-evidence question.

In Reed, Judge Brown, after stating that the District Court dismissed for failure of the petitioner to exhaust his state remedies, further stated:

1. The other grounds are:
    (1) The assessment of a life sentence against petitioner by virtue of the habitual criminal statute, Art. 63 of Texas Penal Code, without any evidence to support the same.
    (2) There being no legal evidence identifying the petitioner as the person convicted in the three prior convictions alleged and proved, such evidence which was relied upon to identify petitioner was a denial of the rights of confrontation and of effective assistance of counsel.
    (3) The reading of the allegations in the indictment pertaining to and the proof of the three prior convictions to the jury before a determination of guilt by the same jury of the primary offense.
    (4) The charge of the Court with regard to the proof of prior offenses further implanted in the minds of the jurors the already prejudiced allegations of the indictment and the evidence supporting it.

2. It appears that petitioner has exhausted his remedies as to the other grounds

raised. Although this Court could resolve the issues upon which the state remedies have been exhausted, McCutcheon v. Beto, 327 F.2d 228 (5th Cir. 1964), it is felt that the better policy is to rule on all of the grounds at one time. See Bertsch v. Beto, C.A. 65–H–34, 242 F.Supp. 52 (S.D.Tex. Feb. 3, 1965). Action by a state court on the unexhausted ground may well make federal court action unnecessary, and the principle of comity underlying habeas corpus matters, whereby unseemly collisions by federal courts with state courts on questions of alleged state abuses of federal constitutional rights are sought to be avoided, would be better effectuated.

3. The respondents in their motion to dismiss mention that petitioner made two applications for writ of habeas corpus to the Texas Court of Criminal Appeals, one on March 21, 1961, and the other on May 17, 1962. Even assuming that these applications raised the illegally-obtained-evidence question, which respondents state they did not, both were prior to Aguilar and thus under the teachings of the Pate case, state remedies would not have been exhausted by them.

"In the ordinary run of cases, dismissal would clearly be correct, but in this instance we do not think it necessary. The Court of Criminal Appeals has as early as 1954, and as late as March 10, 1965, passed on this very issue—consistently holding it to be no violation of due process to read the indictment to the jury and introduce evidence of prior felony convictions before the jury has found the accused guilty of the offense charged. * * * In addition to this firm pronouncement, there has been no intervening United States Supreme Court decision of such direct or compelling a nature as to suggest that the Texas Court of Criminal Appeals would recognize, as it often does, that a fresh view must be taken.

"Thus we conclude that although there may be procedure available, in these special circumstances, there clearly is no state remedy which could by any stretch of the imagination be pursued effectually."

Thus, the question here is whether the Reed case requires this Court to examine the cases since Aguilar and determine whether the Texas courts are not following it, even though such an allegation is not made by petitioner. While Reed is silent on the question, this Court feels that it must be read in context with the preexisting habeas corpus law.

Section 2254 of Title 28 is a congressional limitation on federal habeas corpus. Pate v. Holman, supra. It provides pertinent part as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

The Court of Appeals for the Fifth Circuit clearly held in Brown v. Rayfield, 320 F.2d 96 (July 1, 1963), cert. den. 375 U.S. 902, 84 S.Ct. 191, 11 L.Ed. 143, that to be excused from exhausting state remedies, a petitioner must allege in his petition and show that there is either an absence of available state remedies or that other circumstances exist which render such state remedies ineffective to protect his rights. Thus, the requirement of Brown must be read into Reed. Since in the petition under consideration here the proper allegations in reference to the illegally-seized-evidence question have not been made, state remedies have not been exhausted as to that question.

■ Therefore, this Court will hold in abeyance proceedings on petitioner's application for writ of habeas corpus, to afford him a reasonable opportunity, not exceeding ninety days, to apply for post-conviction relief in the light of Aguilar on his illegally-obtained-evidence ground. If during that ninety-day period petitioner fails to apply to the courts of Texas for post-conviction relief, this ground will be dismissed for failure to exhaust state court remedies, and the Court will act on the other grounds presented. See Pate v. Holman, supra.

The Clerk will file this memorandum and order and send a copy to respective counsel.