William B. DILLINGHAM, Petitioner,

v.

Louie L. WAINWRIGHT, Secretary Department of Offender Rehabilitation, Respondent.

No. 76–451–Civ–JLK.

United States District Court, S. D. Floria, Miami Division.

Nov. 11, 1976.

William B. Dillingham, in pro. per.

Arthur Joel Berger, Coral Gables, Fla., for respondent.

## ORDER ON POST–JUDGMENT MOTIONS

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motions of the petitioner for a certificate of probable cause to appeal and for appointment of counsel on appeal. The court, having considered the record and being fully advised in the premises, finds and concludes that the motions should be granted in part and denied in part.

William Bradford Dillingham filed this petition for a writ of habeas corpus attacking a five-year sentence of imprisonment imposed on October 22, 1971, by the Criminal Court of Record in and for Dade County, Florida. Sentence was imposed pursuant to a jury verdict of guilty to the offense of grand larceny. This court denied relief by order dated August 16, 1976, and petitioner appealed. He now seeks to have this court issue a certificate of probable cause and to appoint counsel to represent him on the appeal.

Petitioner has correctly presented his motion to this court first as required by 28 U.S.C. Section 2253 and Rule 22(b), Federal Rules of Appellate Procedure. The appellate rule cited above, also provides that a petitioner may apply to the court of appeals for issuance of the required certificate if the District Judge denies the motion.

It is this last provision that has resulted in the oft-spoken opinion that it is a useless act for a District Judge to deny a motion for a certificate of probable cause because it is the "policy" of the Courts of Appeal always to grant them. This court disagrees because it does not believe that the overworked and understaffed Courts of Appeal would *routinely* allow appeals which a Dis-

trict Judge has certified have no merit. Additionally, the Court of Appeals in this circuit, has made it clear that no such policy exists. In *Strode v. Mississippi*, 456 F.2d 1295 (5th Cir. 1972), the petitioner appealed from the denial of a petition for a writ of habeas corpus. The District Court had entered an order allowing the appeal "because of the policy of this circuit to allow such an appeal regardless of merit." *Id.*, at 1296. The Court of Appeals responded that, "[t]here is no such policy of this circuit" and proceeded to cite impressive statistics which clearly proved the point. *Id.* This court is unaware of any change in policy since the *Strode* decision.

■ Neither 28 U.S.C. Section 2253, Rule 22(b) of the Federal Rules of Appellate Procedure, nor any case law of which this court is aware, provides a test for the District Court to use in deciding whether to grant or deny a motion for a certificate of probable cause. Therefore, it can only be said that such a motion is addressed to the sound discretion of the District Judge.

■ The requirement embodied in the statute and rule above, if it is one of substance and not of form, must have been intended as a process whereby District Courts initially screen out frivolous appeals. Although the term "frivolous" is perhaps no easier to define than the much overworked term of art "probable cause," courts and commentators have used it in the criminal and habeas corpus areas. The following discussion impresses this court as a workable definition of "frivolity":

> There is a vast difference between a weak case, even a very weak case, and a frivolous one. In this regard the test employed by the Ninth Circuit is a good one: "it is frivolous only if the applicant can make no rational argument on the law or facts in support of his claim for relief". *Blair v. California*, 340 F.2d 741, 742 (9th Cir. 1965). It may well be that there are arguments that can be made on behalf of the petitioner that are well beyond the law's existing frontier but well within the frontier of rationality. Only when the frontier of the latter is

passed does the case become frivolous. Sokol, *Federal Habeas Corpus*, 2d Ed., Sect. 26, p. 196 (1969).

■ In the instant case, petitioner filed a motion for reconsideration of the court's order denying relief in which he presented detailed arguments as to why the court's order was in error. Although this court would classify petitioner's claim as a "very weak one," it finds that petitioner has made a "rational argument on the law [and/] or facts in support of his claim." *Blair, supra* at 742. Therefore, this court finds that the motion for a certificate of probable cause should be granted.

■ The court has discretion to appoint counsel in this case for the purposes of appeal. 18 U.S.C. Section 3006A(g). However, the court notes that petitioner has vigorously and ably prosecuted his claim pro se throughout the protracted history of this case and finds that the interests of justice do not require appointment of counsel. It is therefore

ORDERED and ADJUDGED that the motion for issuance of a certificate of probable cause to appeal be and the same is hereby granted. It is further,

ORDERED and ADJUDGED that the motion for appointment of counsel be and the same is hereby denied.