**Robert McCOY, a/k/a Jerry Canty, Petitioner,**

**v.**

**Louie L. WAINWRIGHT, Respondent.**

**No. 85–2691–CIV–SPELLMAN.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 22, 1986.

Robert McCoy, pro se.

Michael J. Neimand, Asst. Atty. Gen., Miami, Fla., for respondent.

## MEMORANDUM OPINION

ORDER GRANTING PETITIONER'S MO-TION FOR CERTIFICATE OF PROB-ABLE CAUSE AND FOR LEAVE TO PROCEED IN FORMA PAUPERIS

SPELLMAN, District Judge.

This CAUSE comes before the Court on the Petitioner's Request for a Certificate of Probable Cause pursuant to 28 U.S.C. § 2253, and a Motion for Leave to Proceed in Forma Pauperis.

Robert McCoy, a/k/a Jerry Canty, a state prisoner confined at the Dade Correctional Institution, filed a *pro se* Petition for Writ of Habeas Corpus. He attacked his convictions for second degree grand theft and aggravated assault in Case No. 81-15932, possession of cocaine in Case No. 81-23566 B, and second degree grand theft and possession of narcotic implements in Case No. 81-25070, entered on March 15, 1982, upon his pleas of guilty in the Circuit Court of the Eleventh Judicial Circuit of Florida, at Dade County. The cause was referred to the Honorable Charlene H. Sorrentino, United States Magistrate, for preliminary consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Court.

The Petition raised the issue of whether the Petitioner was denied the effective assistance of counsel because counsel allegedly failed to investigate a possible insanity defense after the Petitioner told him of circumstances which might give rise to such a defense. Apparently McCoy had been previously placed on probation in a separate criminal proceeding with a special condition that he continue to receive psychological treatment and medication, a condition which McCoy ultimately breached. McCoy attacked his convictions by state Motion to Vacate upon the grounds that his attorney was ineffective because he failed to pursue the insanity defense when he knew of these prior conditions of probation. The trial court denied the Motion to Vacate and that denial was affirmed. *McCoy v. State*, 471 So.2d 130 (Fla. 3 DCA 1985).

The Magistrate recommended that the Petition for Writ of Habeas Corpus be denied. She found that there had been no showing that McCoy received ineffective assistance of counsel and further, that investigation by defense counsel would not have uncovered evidence to demonstrate a substantial doubt as to McCoy's capacity to assist in his defense or to know the difference between right and wrong at the time of the offenses. The Petitioner filed objections to the Magistrate's Report and this Court, upon independent review, adopted the Magistrate's recommendations, and denied the Writ.

On December 20, 1985, Robert McCoy filed a Notice of Appeal in which he requested this Court to issue a Certificate of Probable Cause and a Motion for Leave to Proceed in Forma Pauperis. Probable cause has been equated with "a substantial showing of the denial of [a] federal right." *Harris v. Ellis*, 204 F.2d 685, 685 (5th Cir.1953); *Stewart v. Beto*, 454 F.2d 268,

270 n. 2 (5th Cir.1971). Courts, moreover, should resolve doubts in favor of the Petitioner. *Jones v. Warden, Louisiana State Penitentiary*, 402 F.2d 776 (5th Cir.1968).

The Congressional purpose in enacting Section 2253 was to "eliminate the abuse of the writ of habeas corpus in the federal courts by the undue interference with state processes incident to protracted appellate proceedings in frivolous cases." *See United States ex rel. Winfield v. Cascles*, 403 F.Supp. 956, 959 (E.D.N.Y.1975). Courts, however, must be heedful of that delicate distinction between the "weak" argument and one that is purely "frivolous." The following analysis provides this Court with sound guidance:

> There is a vast difference between a weak case, even a very weak case, and a frivolous one. In this regard the test employed by the Ninth Circuit is a good one: 'it is frivolous only if the applicant can make no rational argument on the law or facts in support of his claim for relief.' *Blair v. California*, 340 F.2d 741, 742 (9th Cir.1965). It may well be that there are arguments that can be made on behalf of the petitioner that are well beyond the law's existing frontier but well within the frontier of rationality. Only when the frontier of the latter is passed does the case become frivolous.

Sokol, *Federal Habeas Corpus*, 2d Ed., Sect. 26, p. 196 (1969).

A court must also integrate an understanding of the distinction between "weak" and "frivolous" with an awareness of the inexpert craftsmanship of a Petitioner who is proceeding *pro se.* A court must be cautious not to allow the absence of technical niceties to persuade it that the arguments do not fall within that "frontier of rationality." Instead, a court should consider whether an attorney could succeed in constructing an argument that does not cross over the border into mere frivolity. *See Baker v. Ellis*, 194 F.2d 865, 866 (5th Cir.1952); *Loper v. Ellis*, 224 F.2d 901, 903 (5th Cir.1955); *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga.1980).

■ In the instant case, the Petitioner filed Objections to the Magistrate's Recommendation that Habeas relief be denied and now presents arguments why the Court's ultimate determination was in error. Since McCoy did not present clear and convincing evidence to create a "real, substantial and legitimate doubt as to [his] mental capacity ... to meaningfully participate and cooperate with counsel," *Adams v. Wainwright*, 764 F.2d 1356, 1360 (11th Cir.1985), quoting *Bruce v. Estelle*, 483 F.2d 1031 (5th Cir. 1973), his argument on appeal is, albeit, weak. This Court, however, finds that the Petitioner has made a "rational argument on the law [and/] or facts in support of his claim." *See Blair v. California*, 340 F.2d 741, 742 (9th Cir.1965). The issues, especially whether the Petitioner was entitled to an evidentiary hearing under the circumstances, would benefit from appellate review.

■ The Petitioner's affidavit filed in support of his Motion to Proceed in Forma Pauperis is sufficient. Having decided that a § 2253 certificate of probable cause should be granted, this Court can grant the Motion to Proceed in Forma Pauperis with no additional showing of good faith. *Nowakowski v. Maroney*, 386 U.S. 542, 87 S.Ct. 1197, 18 L.Ed.2d 282 (1967).

ACCORDINGLY, the Petitioner's Motion for a Certificate of Probable Cause pursuant to 28 U.S.C. § 2253 is GRANTED. The Petitioner's Motion to Proceed in Forma Pauperis is also GRANTED.

DONE AND ORDERED in Chambers, at Miami, Florida, this 22 day of January 1986.