**Jay Clarence PAUL, Petitioner,**

v.

**Louie L. WAINWRIGHT, etc., et al., Defendants.**

**No. 85–3696–CIV–EPS.**

United States District Court, S.D. Florida, Miami Division.

Nov. 18, 1986.

---

Jay Clarence Paul, pro se.

## ORDER AND MEMORANDUM OPINION DENYING CERTIFICATE OF PROBABLE CAUSE

SPELLMAN, District Judge.

This CAUSE came before the Court on Petitioner's renewed motion for a certificate of probable cause. On July 24, 1986 this Court denied the same motion without prejudice, because the Petitioner, who at that time and continuing to this day is not represented by counsel, failed to articulate any basis upon which this Court could properly grant the motion. The Court essentially denied the motion but invited the Petitioner to request a certificate of probable cause in a later motion, hoping that he would correct the earlier deficiencies that led this Court to conclude that the Petitioner had not made "a 'substantial showing of the denial of [a] federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n. 2 (5th Cir.1971)).

After having reviewed the Petitioner's renewed motion for a certificate of probable cause, and discovering that it once again fails to satisfy the necessary constitutional standards upon which a federal judge could properly allow a defendant to receive an appeal from a denied writ of habeas corpus, it is hereby

ORDERED AND ADJUDGED that this Court DENIES the Motion for a Certificate of Probable Cause.

## FACTUAL BACKGROUND

The Petitioner pled guilty to charges of kidnapping and first degree murder, and received concurrent sentences of life imprisonment with a twenty-five year minimum/mandatory sentence on the murder charge. He then filed a Motion for Post-Conviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. The Petitioner based this motion upon related theories of ineffective assistance of counsel and a single allegation of a coerced confession. On August 7, 1985, the trial court denied this motion without a hearing. Following this denial, the Petitioner proceeded to file a habeas petition, dropping the coerced confession issue and replacing it with a denial of due process and equal protection theory, bottomed on the trial court's failure to grant an evidentiary hearing before denying his post-conviction requests for relief. On May 30, 1986, this Court, upon a *de novo* review of this record approved the recommendation of United States Magistrate William C. Turnoff, and denied the Petition for a writ of Habeas Corpus.

## OPINION

This Court was compelled to deny the Petitioner's first motion for a certificate of probable cause because the Petitioner offered nothing by way of pleading other than his insistence that the trial court erred in denying him the relief that he sought. In his renewed motion, the Petitioner states three grounds upon which this Court can now grant the motion and allow the Petitioner an appeal from his denied habeas claim. He cites as ground one that the trial court, in denying his post conviction motions, has denied him his 14th amendment right of due process and equal protection. He also claims that the state court's *per curiam* affirmance of this ruling further deprived him of his constitutionally protected rights. The Petitioner further cites the failure of this Court to grant an evidentiary hearing attendant to his writ of habeas corpus as a second ground upon which a motion for a certificate of probable cause should now issue. Finally, the Petitioner cites as error the failure of the trial court to attach a record of the trial court proceedings upon sending the case for appellate review, whereupon the appeals court affirmed the denial of post-conviction relief.

■ This Court is of the opinion that the Petitioner's second attempt at gaining a certificate of probable cause is once again deficient. Although the Court is reminded that a petitioner who is without representation from experienced counsel, as is the case here, should not be expected to match the technical precision of a lawyer who knows the proper manner in which to draft a motion for such relief, the petitioner still must put forward a reason for a court to find that a denial of a federal right has occurred. *Cf. McCoy v. Wainwright*, 630 F.Supp. 122 (S.D.Fla.1986).

■ This is not an appropriate case for sec. 2253 relief. The Petitioner has utterly failed to make a "rational argument on the law [and/] or facts in support of his claim for relief." *Blair v. California*, 340 F.2d 741, 742 (9th Cir.1965), *cited in McCoy*, 630 F.Supp. at 124. In fact, he has given this Court no basis at all. The Petitioner is presumably relying upon the arguments he presented in the course of his post-conviction motions for relief. The Court arrives at this conclusion because his renewed motion for a certificate of probable cause once again does not furnish this Court with a basis for granting the motion other than the claimed errors committed below that have resulted in his continued incarceration without an avenue for appeal. In response to his continued claim that he received ineffective assistance of counsel, and that his conviction resulted from a coerced confession, this Court is compelled to follow Rules 3.850 of the Florida Rules of Criminal Procedure and 9.140 of the Florida Rules of Appellate Procedure which allow for the denial of post-conviction motions without an evidentiary hearing if upon the

record of the case, the petitioner is not entitled to relief.

The trial court concluded that the Petitioner made a free and voluntary confession of the crime, and that it did not appear either that his confession was coerced or that his attorney was ineffective. In review of the defendant's habeas petition, this Court examined the plea colloquy and determined that the Petitioner made an informed judgment to accept a lesser penalty rather than risk of the possibility of receiving the maximum punishment that the law allows. Without presenting this Court with additional facts or law that was not submitted during the earlier proceedings, this Court must find that the denial of his post-conviction motions was proper.

 Section 2254(d) requires that a reviewing court accord a presumption of correctness to findings of fact made by the state habeas court. *Sumner v. Mata,* 455 U.S. 591, 592, 102 S.Ct. 1303, 1304, 71 L.Ed.2d 480 (1982); *Sumner v. Mata,* 448 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981); *Peek v. Kemp,* 784 F.2d 1479, 1483 (11th Cir.1986). This Court takes the position that the state court has already disposed of these substantive issues of fact such that the post-conviction motions were rejected on the merits without the necessity for holding an evidentiary hearing. *Townsend v. Sain,* 372 U.S. 293, 314, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). This Court sees no reason to disturb this presumption, particularly because the Petitioner has not followed this Court's earlier denial of the same motion which requested that he explain what errors the trial court made other than denying him the relief sought. Similarly, this Court does not find that the Petitioner meets any one of the seven listed factors in 2254(d) for overturning the presumption of correctness that would give rise to the necessity for an evidentiary hearing.

 Finally, the Court sees little merit as well in Petitioner's third ground in support of his motion. There is nothing in the record that indicates whether the trial court failed to attach a copy of the court file before sending it on for appellate re-

view. Moreover, even if the trial court did fail to attach such a record of the proceedings, this Court finds that such state procedural rules do not "raise constitutional questions reviewable by federal habeas courts." *Wallace v. Turner,* 695 F.2d 545, 548 (11th Cir.1983).